[No. 18525. Department One. August 21, 1924.]

CHELAN TRANSFER COMPANY, *Appellant,* v. M. PURL FOOTE, *Respondent.*[1]

CARRIERS (3-2)—REGULATION—CERTIFICATE OF PUBLIC CONVENIENCE —VIOLATION. It is no excuse for the violation of another's certificate of public convenience giving exclusive privileges for a freight route, that no compensation was charged for the freight carried.

JUDGMENT (222)—RES ADJUDICATA—MATTERS DETERMINED. A decree sustaining appellant's right to operate a freight route between M and other points, is *res judicata* in a proceeding for contempt for violating the order, upon the question as to whether M was a proper terminus, where that question was raised in the original proceeding.

CARRIERS (3-4)—CERTIFICATE OF PUBLIC NECESSITY—PROCEEDINGS. The point that M (an agricultural community) was not a proper terminus for a freight route cannot be urged by one who moved for a modification of the order without raising the question.

SAME (3-4)—PROCEEDINGS—REVIEW. The determination of the "fixed termini" of a carrier's route is expressly made a question of fact for the department of public works, by Rem. Comp. Stat., § 6387, not subject to review by the courts.

SAME (3-2)—CERTIFICATE OF PUBLIC CONVENIENCE—TERMINUS. The terminus for a freight route need not be an incorporated town, or any designated place in a town or rural community.

[1]Reported in 228 Pac. 297.

Appeal from an order of the superior court for Chelan county, Grimshaw, J., entered May 28, 1923, refusing to hold a defendant guilty of contempt for the violation of an injunction, after a hearing upon an order to show cause. Reversed.

*Chas. R. Sargent,* for appellant.

*Sumner & Lebeck,* for respondent.

MACKINTOSH, J.—The appellant holds from the department of public works a certificate of public convenience and necessity for the operation of a motor vehicle furnishing passenger and freight service between Chelan, Chelan Station, Lakeside, Manson and Wenatchee, all being points in Chelan county. The certificate was issued in May, 1922, and the appellant since its issuance has complied with all the requirements of the law and has operated under the rules of the department of public works. The respondent, possessing no certificate, undertook to transport freight between the points named in the appellant's certificate, and the appellant then began an action seeking to enjoin the respondent from the unlawful interference. The action resulted in the court entering a decree of injunction October 24, 1922. Thereafter and in April, 1923, the respondent moved to have the injunction modified, and the court denied the motion. An order to show cause was made in May, 1923, directed to the respondent, to show cause why he should not be punished for contempt of court for violating the terms of the injunction decree; it being alleged by the appellant that the respondent, although fully aware of the injunction, continued to transport freight between the points named in the appellant's certificate. The order to show cause came on to be heard and the court found that the respondent was

transporting freight between the points named in the appellant's certificate, but held that the respondent was not in contempt, for two reasons, as stated in the order discharging him; first, "that the transportation . . . was without compensation and is therefore not a violation of the injunction; and, second, that the transportation to and from the point designated as Manson is not a violation of the injunction, for the reason that Manson is not an incorporated town and as a fixed terminus is too indefinite to sustain injunctive relief." This is an appeal from that order.

It having been shown that the respondent was carrying freight between the points named in the appellant's certificate, it only becomes necessary to determine whether the excuses given for this conduct are sufficient.

The first one, that the carrying was done without compensation presents no valid reason for the respondent's interference with the appellant's business. We have several times held, in considering cases arising under this law relating to certificates of public convenience and necessity, that the certificate holder is entitled to protection from unlawful interference, and it matters not that that interference may result in no compensation being paid to the one interfering; the rights of the certificate holder will not be measured by the remuneration which the invader of that right may receive.

The second point, that the respondent's carrying freight from and to Manson is not a violation of the injunction because Manson is an unincorporated town is also without merit; and for these four reasons: (a) In the original injunction proceeding, this very question was raised by the pleadings and affidavits, which presented the point that Manson was an unincorpo-

17—130 WASH.

rated town and could not be one of appellant's termini. Although the decree does not make any finding upon this point, the effect of the decree sustaining the appellant's right to operate between Manson and other points was, in effect, a finding that Manson was a proper terminus. In other words, the matter is *res adjudicata.*

(b) Furthermore, the respondent after the rendering of the injunction decree, attempted to have it modified, at which time he could have raised the point that he is now relying on, but he saw fit not to do so and attempted to have the decree modified on entirely different grounds, thereby in effect acquiescing in the prior determination that Manson was a proper terminus.

(c) The question of the termini between which the holder of a certificate is to operate is a question for the determination of the department of public works, being made so especially by Rem. Comp. Stat., § 6387, which defines what "between fixed termini and over regular routes shall mean," and provides that the determination of the termini "within the meaning of this act shall be a question of fact and the finding of the commission thereon shall be final and shall not be subject to review."

(d) A terminus does not have to be an incorporated town nor is it so circumscribed in its boundaries that the holder of the certificate of convenience and necessity must run his motor vehicle up to a designated hitching-post. The fact that Manson may be an agricultural community "two miles wide and six miles long" does not prevent its being the terminus of a stage or freight line. With equal persuasiveness it might be urged that the city of Seattle, which comprises considerably more area than is embraced within a boundary two miles wide and six miles long, could

not serve as a terminus for one of the certificate holders, for it might be possible that such holder could deliver or receive freight at different points ten miles distant from each other, and still be within the corporate limits. It seems to be the position of the respondent that he has not violated the injunction because he had not delivered and received freight at some distinct site, as, for example, at the Manson post office. Equally well might he argue that the village grocery or drug store or garage must be the fixed terminus. The carrier is not compelled to inconvenience his patrons by compelling them to deliver or receive their freight at a particular spot. He may collect or distribute the freight at their residences or places of business or other serviceable points. To hold otherwise, is to defeat one of the purposes of the supervisory legislation; i. e., the convenience of the public.

We find no merit in respondent's contention and the judgment must be that, under the appellant's certificate, he is entitled to deliver and receive his freight anywhere within the community, whether incorporated or not, known as Manson; and the respondent, having admitted delivering and receiving freight without a certificate, cannot escape the force of the injunction by any such reason as he has suggested. The order discharging the respondent is reversed, with instructions to the court to proceed to enforce the injunction.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

HOLCOMB, J. (concurring)—I concur in the result but do not concur in the reasoning in paragraphs (c) and (d) of the opinion.